1  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   SROTHSCHILD@KHPSLAW.COM
3  HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
   HPICKERELL@KHPSLAW.COM
4  1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
5  TELEPHONE: (310) 282-8989
   FACSIMILE: (310) 282-8903
6
   Attorneys for Plaintiff, LAG Productions, LLC
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

| | |
|---|---|
| 11  LAG PRODUCTIONS, LLC, a California limited liability company d/b/a ALO and Animal Liberation Orchestra, <br><br> 13       Plaintiff, <br><br> 14    vs. <br><br> 16  COLOR IMAGE APPAREL, INC., a California corporation d/b/a Bella+Canvas and Alo Yoga; ALO, LLC, a California limited liability company d/b/a Alo Yoga, <br><br> 18       Defendants. | CASE NO. <br><br> **COMPLAINT** <br><br> **(1) BREACH OF CONTRACT** <br> **(2) BREACH OF CONTRACT** <br> **(3) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** <br> **(4) UNFAIR COMPETITION (15 U.S.C. § 1125(a))** <br> **(5) COMMON LAW TRADEMARK INFRINGEMENT** <br> **(6) UNFAIR COMPETITION (Cal. B&P Code § 17200)** <br> **(7) UNJUST ENRICHMENT** <br><br> **DEMAND FOR JURY TRIAL** |

21       Plaintiff LAG Productions, LLC ("LAG") alleges:

22                    **INTRODUCTION**

23       1.     This case arises from Defendant Alo Yoga's knowing and intentional

24  infringement of the band Animal Liberation Orchestra's intellectual property rights.

25  Alo Yoga *twice* acknowledged and agreed, in writing, that it had no right to use the

26  band's "Alo" trademark in connection with music. Yet, Alo Yoga has ignored the

27  band's rights and brazenly expanded into the business of marketing, producing, and

28  selling music, including through music retailers, in violation of the band's trademark

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1                          1
COMPLAINT

1    rights and in breach of its two agreements.

## JURISDICTION

2

3    3.    This Court has subject matter jurisdiction over the federal question

4    claims under 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331 and 1338.

5    4.    LAG's state law claims and federal question claims are related and

6    arise from the same case or controversy. Thus, this Court has supplemental

7    jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and § 1367(a).

## VENUE

8

9    5.    Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a

10   substantial part of the events and omissions giving rise to LAG's claims occurred in

11   this judicial district and a substantial part of the property that is the subject of the

12   action is situated in this judicial district.

13   6.    Venue also is proper under 28 U.S.C. § 1391(b)(3) because the

14   defendants are subject to this Court's personal jurisdiction in this judicial district.

## PARTIES

15

16   7.    LAG is a California limited liability company with its principal place

17   of business in California.

18   8.    Defendant Color Image Apparel, Inc. ("CIA") is a California

19   corporation with its principal place of business in California.

20   9.    Defendant Alo, LLC is a subsidiary of Color Image Apparel, Inc. Alo,

21   LLC is a California limited liability company with its principal place of business in

22   California.

## FACTUAL ALLEGATIONS

23

24   **I.    The Parties and the ALO Mark**

25   10.    Animal Liberation Orchestra, also known as "ALO" ("ALO Band"), is

26   a popular rock band that has been performing, recording, and releasing music under

27   the ALO name for thirty-five years.

28   11.    On December 13, 2005, LAG filed an application in the U.S. Patent

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1                                          2

COMPLAINT

1    and Trademark Office ("USPTO") to register the ALO Mark in international classes

2    9, 16, 25, and 41 (the "ALO Mark"). On November 7, 2006, the USPTO issued a

3    registration certificate to LAG (Reg. No. 3168367) in those categories, effective

4    December 13, 2005.

5         12.    The ALO Mark consists of the standard characters "ALO," without

6    claim to a particular font style, size, or color. Since 1989, the ALO Band, on its own

7    behalf and through LAG, has continuously manufactured, distributed, advertised,

8    and sold clothing and apparel for the ALO Band bearing the ALO Mark and has

9    used the ALO Mark on the ALO Band's music records, in the band's videos, during

10   its performances, on its website, and on its posters, in California, other states, and

11   internationally (together, "ALO Band Products"). The ALO Band and LAG have

12   invested significant time, resources, and money advertising, promoting, and selling

13   ALO Band Products; ensured that the products are high-quality; and defended the

14   ALO Mark against infringers.

15        13.    CIA is an apparel manufacturer with a long history with LAG. CIA first

16   encountered LAG in 2004, when the ALO Band ordered apparel featuring the ALO

17   Mark from one of CIA's subsidiaries, Bella+Canvas.

18        14.    Despite having notice of LAG's registration and ownership of the ALO

19   Mark, CIA launched its "Alo Yoga" brand and began selling clothes branded with

20   the ALO Mark with a circumflex above the "O," i.e. "ALÔ."

21   **II.    The Trademark Coexistence Agreement and Subsequent Amendment**

22        15.    In response to LAG's demands, CIA paid LAG consideration and

23   executed the Trademark Coexistence Agreement ("Agreement"), effective June 26,

24   2006, a copy of which is attached as **Exhibit 1**. Section 6 of the Agreement (1)

25   forbade Defendants from using the ALO Mark "on products sold at music venues or

26   stores where records or music products are sold"; (2) gave CIA limited permission

27   to use the ALO Mark, "solely on and in connection with clothing and clothing

28   accessories, and in particular athletic clothing"; and (3) required CIA to use a

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1                          3

COMPLAINT

1   circumflex above the "O."

2       16.    In 2012, LAG learned that CIA was branding its products and

3   marketing with "ALO" without the circumflex, in breach of the Agreement. In

4   response to LAG's demand, CIA executed an amendment to the Agreement (the

5   "Amendment"), a copy of which is attached hereto as **Exhibit 2**, wherein CIA again

6   acknowledged LAG's rights in the ALO Mark and reconfirmed the limitations on its

7   ability to use the ALO Mark, and LAG agreed, for consideration, that CIA could use

8   the ALO Mark without the circumflex.

9   **III.    Defendants' Infringements and Breaches of the Agreement and the**

10      **Amendment**

11      17.    Defendants have infringed and are infringing the ALO Mark, and have

12  breached and are breaching the Agreement and the Amendment, by marketing and

13  selling products conspicuously branded with the Mark ("Infringing Products"),

14  including as follows:

- Selling products that are sold at music venues or that are sold at stores where records or music products are sold, such as earphones and headphones, that are prominently branded with the ALO Mark.

- Selling products prominently branded with the ALO Mark in stores where records and music products are sold, such as retail and webstores that sell music products.

- Selling products prominently branded with the ALO Mark at Alo Yoga's headquarters, which Defendants have made into a music venue that hosts performances by musicians and music influencers and has a music studio, Alo Music, on premises.

- Selling products prominently branded with the ALO Mark at Alo Yoga pop-up events that also are venues for Alo Yoga-produced DJ performances, CIA headquarters, and Alo Yoga stores.

- Selling products prominently branded with the ALO Mark at music festivals and other music venues.

- Selling products prominently branded with the ALO Mark on YouTube, where records and other music products are routinely sold.

- Selling products prominently branded with the ALO Mark on Amazon.com, where records and music products are routinely sold.

- Selling products prominently branded with the ALO Mark that are not

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1                                    4

COMPLAINT

clothing or clothing accessories, including skincare, deodorant, face mist, multivitamins, candles, shampoo, conditioner, collagen shots, "immunity rescue" shots, bags, yoga mats, and yoga straps. (All of the above, collectively and individually, "Infringing Products")

18.     Defendants' music-related marketing, in combination with their infringing activities described above, is designed to cause and likely causes market confusion among the music consumers and ALO fans. Examples include featuring musicians and music producers in ads, inserting "Alo Yoga" playlists on streaming platforms, producing, broadcasting music features such as interviews of musicians, and using music playlists to market "Alo" yoga fitness classes.

19.     Defendants also use the ALO Mark in international class 41, which, again, is covered by the ALO Band's trademark registration. For example, Defendants use the ALO Mark in music performances displayed on Alo Yoga's website, smartphone applications, YouTube Channel, and platform for fitness classes as well as music performances at Alo Yoga's pop-up events.

20.     Defendants' infringements and breaches of the Agreement have caused and are likely to cause consumer confusion. Consumers consistently reach out to the band's members and management to inquire whether the ALO Band Products are associated with, or sponsored, by Alo Yoga. Consumers who search "ALO" on Amazon, Spotify, YouTube, the Apple Retail Channels, and search engines are deluged with the Infringing Products, which have completely cannibalized the ALO Band Products on these platforms. As a result, Defendants have profited immensely while LAG has lost revenue. Defendants have hijacked the ALO Mark to invade areas of business that are zones of natural expansion for musicians, such as podcasts, wellness, and cosmetics.

## FIRST CLAIM FOR RELIEF

**Breach of Contract (Trademark Coexistence Agreement)**

*Against CIA*

21.     LAG realleges and incorporates the foregoing paragraphs, as though

KING, HOLMES, PATERNO & SORIANO, LLP

2992.060/3110104.1

5

COMPLAINT

1  separately set forth.

2    22.    LAG has performed all obligations and conditions precedent required

3  by the Agreement.

4    23.    CIA has materially and substantially breached the Agreement.

5    24.    As a result of CIA's breach, LAG has suffered damages. The damages

6  flow directly from and are the natural and probable consequences of CIA's breach.

7  ### SECOND CLAIM FOR RELIEF

8  **Breach of Contract (Amendment of Trademark Coexistence Agreement)**

9  *Against CIA*

10    25.    LAG realleges and incorporates the foregoing paragraphs, as though

11  separately set forth.

12    26.    LAG has performed all obligations and conditions precedent required

13  by the Amendment.

14    27.    CIA has materially and substantially breached the Amendment.

15    28.    As a result of CIA's breach, LAG has suffered damages. The damages

16  flow directly from and are the natural and probable consequences of CIA's breach.

17  ### THIRD CLAIM FOR RELIEF

18  **Trademark Infringement (15 U.S.C. § 1114)**

19  *Against All Defendants*

20    29.    LAG realleges and incorporates the foregoing paragraphs, as though

21  separately set forth.

22    30.    LAG owns the federally registered ALO Mark in international classes

23  9, 16, and 41 as well as international class 25 "in connection with promotion of

24  applicant's services in the entertainment industry."

25    31.    Defendants' conduct is likely to cause confusion. Defendants'

26  unauthorized use in commerce of the ALO Mark is likely to deceive consumers as to

27  the origin, source, sponsorship, or affiliation of the ALO Band's Products.

28  Defendants' conduct is likely to cause consumers to believe, contrary to reality, that

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1

6

COMPLAINT

1   the Infringing Products are sold, authorized, endorsed, or sponsored by LAG; that

2   the ALO Band's Products are sold, authorized, endorsed, or sponsored by

3   Defendants; or that Defendants and the ALO Band are affiliated with or sponsored

4   by each other.

5          32.    Defendants have, with full knowledge of LAG's prior rights in the

6   ALO Mark, willfully intended to cause confusion and trade on LAG's goodwill.

7          33.    Defendants' conduct causes immediate and irreparable harm and injury

8   to LAG, its goodwill, and its reputation. Defendants' actions will continue to

9   damage LAG and confuse the public unless enjoined by this court.

10         34.    LAG has no adequate remedy at law. LAG is thus entitled to

11  temporary, preliminary, and permanent injunctive relief under 15 U.S.C. § 1116.

12         35.    As a result of Defendants' willful trademark infringement, LAG has

13  suffered damages. Under 15 U.S.C. § 1117(a), LAG should be awarded Defendants'

14  profits, damages, and costs of this action. Further, any actual damages should be

15  trebled.

16         36.    LAG is eligible for attorney's fees under 15 U.S.C. § 1117(a) because

17  this is an exceptional case.

18         37.    LAG should be awarded pre-judgment interest and post-judgment

19  interest.

20                      **FOURTH CLAIM FOR RELIEF**

21                  **Unfair Competition (15 U.S.C. § 1125(a))**

22                          *Against All Defendants*

23         38.    LAG realleges and incorporates the foregoing paragraphs, as though

24  separately set forth.

25         39.    LAG owns the federally registered ALO Mark in international classes

26  9, 16, and 41 as well as international class 25 "in connection with promotion of

27  applicant's services in the entertainment industry."

28         40.    Defendants' conduct is likely to cause confusion. Defendants'

1  unauthorized use in commerce of the ALO Mark is likely to deceive consumers as to

2  the origin, source, sponsorship, or affiliation of the ALO Band's Products.

3  Defendants' conduct is likely to cause consumers to believe, contrary to reality, that

4  the Infringing Products are sold, authorized, endorsed, or sponsored by LAG; that

5  the ALO Band's Products are sold, authorized, endorsed, or sponsored by

6  Defendants; or that Defendants and the ALO Band are affiliated with or sponsored

7  by each other.

8        41.  Defendants have, with full knowledge of LAG's prior rights in the

9  ALO Mark, willfully intended to cause confusion and trade on LAG's goodwill.

10        42.  Defendants' conduct causes immediate and irreparable harm and injury

11  to LAG, its goodwill, and its reputation. Defendants' actions will continue to

12  damage LAG and confuse the public unless enjoined by this court.

13        43.  LAG has no adequate remedy at law. LAG is thus entitled to

14  temporary, preliminary, and permanent injunctive relief under 15 U.S.C. § 1116.

15        44.  As a result of Defendants' willful trademark infringement, LAG has

16  suffered damages. Under 15 U.S.C. § 1117(a), LAG should be awarded Defendants'

17  profits, damages, and costs of this action. Further, any actual damages should be

18  trebled.

19        45.  LAG is eligible for attorney's fees under 15 U.S.C. § 1117(a) because

20  this is an exceptional case.

21        46.  LAG should be awarded pre-judgment interest and post-judgment

22  interest.

23  **FIFTH CLAIM FOR RELIEF**

24  **Trademark Infringement (California Common Law)**

25  *Against All Defendants*

26        47.  LAG realleges and incorporates the foregoing paragraphs, as though

27  separately set forth.

28        48.  LAG owns the valid and subsisting common law trademark rights in

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1

8

COMPLAINT

California to the ALO Mark for a variety of goods and services, including apparel in connection with the ALO Band's services in the entertainment industry, music recordings, video recordings featuring music bands, live music performances, websites featuring music and video recordings, and posters.

49.    Defendants' conduct is likely to cause confusion. Defendants' unauthorized use in commerce of the ALO Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the ALO Band's Products. Defendants' conduct is likely to cause consumers to believe, contrary to reality, that the Infringing Products are sold, authorized, endorsed, or sponsored by LAG; that the ALO Band's Products are sold, authorized, endorsed, or sponsored by Defendants; or that Defendants and the ALO Band are affiliated with or sponsored by each other.

50.    Defendants have, with full knowledge of LAG's prior rights in the ALO Mark, willfully intended to cause confusion and trade on LAG's goodwill.

51.    Defendants' conduct causes immediate and irreparable harm and injury to LAG, its goodwill, and its reputation. Defendants' actions will continue to damage LAG and confuse the public unless enjoined by this court.

52.    LAG has no adequate remedy at law. LAG is thus entitled to temporary, preliminary, and permanent injunctive relief.

53.    As a result of Defendants' willful trademark infringement, LAG has suffered damages. LAG should be awarded Defendants' profits, damages, costs, pre-judgment interest, and post-judgment interest.

## SIXTH CLAIM FOR RELIEF

**Unfair Competition (California Business and Professions Code section 17200)**

*Against All Defendants*

54.    LAG realleges and incorporates the foregoing paragraphs, as though separately set forth.

55.    CIA's breaches of the Agreement and Amendment constitute unlawful,

1  unfair, and fraudulent business acts or practices in the course of business, trade, or

2  commerce under California Business and Professions Code § 17200.

3       56.    Defendants' violation of federal and California trademark laws

4  constitutes unlawful, unfair, and fraudulent business acts or practices in the course

5  of business, trade, or commerce under § 17200.

6       57.    Defendants' conduct has caused damages and irreparable injury to

7  LAG.

8       58.    LAG is entitled to restitution, injunctive relief, pre-judgment, and post-

9  judgment interest.

10                    **SEVENTH CLAIM FOR RELIEF**

11                         **Unjust Enrichment**

12                         *Against All Defendants*

13       59.    LAG realleges and incorporates the foregoing paragraphs, as though

14  separately set forth.

15       60.    Defendants received benefits from LAG under the Agreement and

16  Amendment.

17       61.    Defendants have retained those benefits at LAG's expense.

18       62.    It is unjust for Defendants to retain those benefits.

19       63.    LAG is entitled to disgorgement of the profits that Defendants

20  wrongfully obtained.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1                              10

COMPLAINT

## **PRAYER FOR RELIEF**

LAG requests that this Court:

1. For damages according to proof, plus interest at the legal rate.

2. For treble damages pursuant to 15 U.S.C. § 1117(a).

3. For an order that Defendants disgorge to CIA their profits from their infringement of the ALO Mark;

4. For injunctive relief barring Defendants from using the ALO Mark except as allowed under the Agreement and the Amendment;

5. For costs and attorney fees incurred herein;

6. For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

LAG demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.


DATED: August 29, 2025          KING, HOLMES, PATERNO &
                                 SORIANO, LLP


                          By:      _/s/ Stephen D. Rothschild_
                                     HOWARD E. KING
                                     STEPHEN D. ROTHSCHILD
                                     HEATHER L. PICKERELL
                              Attorneys for Plaintiff LAG Productions, LLC

KING, HOLMES,
PATERNO &
SORIANO, LLP

2992.060/3110104.1                      11
COMPLAINT